**Nathaniel WILLIAMS, Appellant,**

v.

**STATE OF MISSOURI, Appellee.**

**No. 80–1602.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1980.

Decided Feb. 5, 1981.

Certiorari Denied May 18, 1981. See 101 S.Ct. 2328.

Cynthia S. Holmes, St. Louis, Mo., for appellant.

Steven W. Garrett, Jefferson City, Mo., for appellee.

Before HENLEY, Circuit Judge, BENNETT,* United States Court of Claims Judge, and McMILLIAN, Circuit Judge.

BENNETT, Judge.

This is an appeal from the order entered on May 19, 1980, by the district court, the Honorable H. Kenneth Wangelin, Chief Judge, presiding, dismissing without a hearing, appellant's petition for a writ of habeas

---

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

corpus under 28 U.S.C. § 2254 (1976). The order was based upon consideration of the petition, the record of the state criminal proceeding, and the recommendation of the United States Magistrate who considered all of the papers in the case and in a carefully written report filed April 29, 1980, discussed the facts and the law and recommended that the petition be denied without further proceedings for lack of merit. A certificate of probable cause to appeal in forma pauperis was also denied. This court later issued an order granting the application for certificate of probable cause and for leave to appeal in forma pauperis. Our jurisdiction has been properly invoked. We affirm the district court.

The appellant, Nathaniel Williams, is an inmate of the Missouri State Penitentiary. While represented by counsel, he entered a plea of guilty on February 25, 1972, in the Circuit Court of Mississippi County, Missouri, for the crimes of robbery and automobile theft and was sentenced to nine years on each count to be served concurrently, but consecutively to a previous 20-year sentence for another crime.

The petition for writ of habeas corpus was filed on September 20, 1979, and therein appellant advanced two principal contentions: (1) That during the plea negotiations the prosecutor threatened to recharge him under the Missouri Habitual Criminal Act and to recommend a more severe sentence if Williams exercised his right to a change of venue and to a trial. Appellant contended that this made his plea involuntary and denied him constitutional due process. (2) That appellant claimed he was denied an appeal from the denial of a motion for post-conviction relief under Missouri Supreme Court Rule 27.26. On appeal, in a statement of issues for the present proceeding, appellant, represented by counsel, raises the additional contentions that in the state court proceeding he was inadequately represented by his appointed counsel who did not investigate the case thoroughly, failed to file proper motions, misplaced papers, gave him improper advice about his plea and failed to perfect a timely appeal for state court remedies. He also asserts that his plea was involuntary because he was under the influence of drugs and that he did not understand that his sentence would run consecutively to another previously assessed for a different crime. Finally, appellant claims that the district court erred in refusing to grant an evidentiary hearing and to appoint counsel to allow appellant to fully develop sufficient evidence to make an adequate factual showing to sustain his position on the issues presented in the petition for habeas corpus.

I

We need not dwell long on appellant's allegation that he was coerced into entering his guilty pleas by actions of the prosecuting attorney during plea negotiations. The prosecutor offered to dismiss three of the five pending charges and to reduce one of those remaining, and to recommend a 15-year sentence if the accused pled guilty. If he did not so plead, the prosecutor said he would charge the accused under the state's Habitual Criminal Act and recommend a heavier sentence if he was convicted by a trial. Appellant consulted with his counsel and elected to plead guilty.

Before accepting the guilty plea, the court advised appellant of the maximum punishments applicable. The court also advised him of his rights to a jury trial, to confrontation of witnesses, and to compulsory process for witnesses. The court advised him that a guilty plea waived his rights. Appellant stated on the record that no one made any promises or threats to induce him to plead guilty, that he knew what he was doing, and that he understood his rights. Appellant stated that he had taken some pain pills but that he was not acting under the influence of intoxicants or drugs and that he had a clear mind and knew what he was doing. The plea was accepted by the court which found it to be voluntary. The court also found that appellant understood the charges and his rights. The sentence was imposed, as aforesaid, after consideration of the recommendations of the prosecutor and defense counsel.

Appellant now challenges the record and says that none of the foregoing is accurate and true and that he was, therefore, entitled as a matter of right to an evidentiary hearing by the district court on his petition for habeas corpus because his plea was not voluntary but was coerced by the prosecutor. Appellant also claims that he did not understand that if he admitted guilt that his sentence would run consecutively to another previously assessed for a different crime, and that his plea was influenced by drugs, and that he had ineffective counsel. The latter three issues were not presented to the district court and are inappropriate for our consideration on appeal. *Mustain v. Pearson*, 592 F.2d 1018 (8th Cir. 1979); *Blankenship v. Estelle*, 592 F.2d 270 (5th Cir.), *cert. denied*, 444 U.S. 856, 100 S.Ct. 115, 62 L.Ed.2d 75 (1979); *Van Meter v. Iowa*, 578 F.2d 218 (8th Cir. 1978). Without belaboring appellant's relevant claims, we have examined them and find them unsupportable on the record. They are contrary to the overwhelming weight of the evidence, and the district court's decision, not being clearly erroneous, must be upheld.

This case is governed by our decision in a similar one, *Watkins v. Solem*, 571 F.2d 435 (8th Cir. 1978), wherein we held that in each case where the invalidity of a plea is asserted the record must be examined to assure that the plea was made voluntarily and was not the product of coercion. Voluntariness of a plea is determined by considering the relevant circumstances surrounding it, and the test is whether the plea of guilty was an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. Those tests applied to this record leave us satisfied that appellant's plea was entered of his own free will, upon advice of competent counsel and instructions from the trial judge which could have left no doubt in his or any reasonable person's mind of the court's concern for appellant's constitutional rights. There was no judicial or prosecutorial vindictiveness here. The prosecutor's tactics as used here were legitimate and not unconstitutional. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (Due Process not violated where state prosecutor carried out threat to reindict accused under more serious charges if he did not plead guilty). Appellant's claim of coercion, on the facts of this case, did not establish viable grounds for habeas corpus relief. The district court, therefore, did not err in refusing, for lack of a substantial issue, to grant appellant an evidentiary hearing on his petition for habeas corpus. *Parton v. Wyrick*, 614 F.2d 154 (8th Cir. 1980).

II

Appellant filed two motions to vacate his guilty plea and sentence, pursuant to Missouri Supreme Court Rule 27.26. Both motions were denied. On the second motion, appellant was represented by counsel. Appellant says that he was incompetently represented, as indicated in the statement of issues in the forepart of this opinion. He now says that the district court erred in denying his petition for writ of habeas corpus because he was denied his rights of an effective appeal on his post-conviction motion under the Missouri rule. This, appellant says, required an evidentiary hearing by the district court, to protect his due process rights. There was no such hearing, now demanded.

Even where a district court has held a hearing, infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. *Noble v. Sigler*, 351 F.2d 673, 678 (8th Cir. 1965), *cert. denied*, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966). There is no constitutional mandate for such a hearing at the federal level since there is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. Adequacy or unavailability of state post-conviction procedures is material here only in the context of exhaustion of state remedies of federally protected rights and not to review alleged trial errors. Errors or defects in the state post-conviction proceeding do not, *ipso facto*, render a prisoner's deten-

tion unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself, which we have found to be lawful. The foregoing rules of law have been firmly laid down by *Bradshaw v. Oklahoma*, 398 F.Supp. 838 (E.D.Okla.1975), and *Stokley v. Maryland*, 301 F.Supp. 653 (D.Md.1969), and are dispositive of appellant's contentions here.

As to appellant's claim of entitlement to counsel that satisfies him in the state post-conviction proceedings, we can give him no aid. These are civil proceedings not covered by the Sixth Amendment which applies only during the pendency of the criminal case. *Noble v. Sigler, supra*, 351 F.2d at 678. Finally, we hold that the district court did not err when it refused to appoint counsel for appellant in the habeas corpus matter. That court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion and violated no constitutional right of this petitioner. *Hull v. Swenson*, 431 F.2d 1194 (8th Cir. 1970).

The district court's denial of appellant's petition for writ of habeas corpus is affirmed.