**Michael Harvey VAIL,
Petitioner-Appellant,**

v.

**Raymond K. PROCUNIER, Director,
Texas Department of Corrections,
Respondent-Appellee.**

**No. 84-2467.**

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1984.

Michael Harvey Vail, pro se.

Jim Mattox, Atty. Gen., Gabriel G. Quintanilla, Austin, Tex., for respondent-appellee.

### ORDER

Treating appellant's notice of appeal as an application for a certificate of probable cause, Fed.R.App.P. 22(b), the application is DENIED. Appellant has not made a substantial showing of the denial of a federal right. *Fabian v. Reed,* 714 F.2d 39 (5th Cir.1983).

██ Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief. *See Williams v. State of Missouri,* 640 F.2d 140 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Because this allegation is insufficient, as a matter of law, the district court improvidently dismissed the cause for failure to exhaust state remedies

thereon. *See Colvin v. Estelle*, 506 F.2d 747 (5th Cir.1975).

Vail contends that a prior conviction used for enhancement of his current sentence is invalid for several reasons. This assertion is without merit; his plea of "true" to the enhancement count, while represented by counsel, constituted a waiver of any complaint concerning the prior conviction. *Scott v. Maggio*, 695 F.2d 916 (5th Cir.), *cert. denied*, — U.S. —, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983); *Kemph v. Estelle*, 621 F.2d 162 (5th Cir.1980). Nor is Vail entitled to relief on his conclusional allegation that he was denied effective assistance of counsel during the sentencing phase of his current conviction. The statement of facts amply demonstrates that his "true" plea was knowingly and voluntarily made. *See Dugar v. Maggio*, 710 F.2d 836 (5th Cir.1983), and authorities cited therein.

IT IS FURTHER ORDERED that appellant's application for leave to appeal in forma pauperis is DENIED.