**Lewis H. DICKERSON,**
**Petitioner, Appellant,**

v.

**Robert WALSH, Superintendent, etc.,**
**Respondent, Appellee.**

**No. 84–1435.**

United States Court of Appeals,
First Circuit.

Argued Oct. 2, 1984.

Decided Dec. 18, 1984.

John P. Osler, Boston, Mass., with whom Massachusetts Correctional Legal Services, Inc., Boston, Mass., was on brief, for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley and Barbara A.H. Smith, Asst. Attys. Gen., Boston, Mass., were on brief, for respondent, appellee.

Before COFFIN, Circuit Judge, TIMBERS,* Senior Circuit Judge, and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

Appellant, Lewis Dickerson, appeals an order entered on March 5, 1984, by the United States District Court for the District of Massachusetts dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). The district court found petitioner's claim that Massachusetts' post-conviction review procedure violates the equal protection clause of the fourteenth amendment to be without merit. We dismiss the appeal for failure of the petitioner to exhaust his state remedies.

*Procedural History*

The petitioner, Lewis Dickerson, was convicted of first degree murder in September 1975. His conviction was reviewed by the Supreme Judicial Court of Massachusetts, *Commonwealth v. Dickerson*, 372 Mass. 783, 364 N.E.2d 1052 (1977). One of the issues raised on appeal was a challenge to a portion of the jury instructions. The Supreme Judicial Court reviewed the claim and concluded that the instruction was erroneous but favored rather than prejudiced Dickerson. Because Dickerson had been convicted of a capital offense,[1] the Supreme Judicial Court was also required by Mass.Gen.Laws Ann. ch. 278, § 33E (West 1981) to review the entire record, including possible errors that had not been raised by the defendant at trial or on appeal.[2] The court did so and affirmed Dickerson's conviction.

More than two years later, in 1980, petitioner filed a motion for new trial in the state superior court alleging that there had been additional defects in the jury instructions which violated his constitutional rights.[3] The superior court denied the motion, without a hearing, stating:

> The entire record was reviewed at [the] time [of defendant's appeal], including particularly, the charge .... The allegations concerning the charge could have been raised in the 1977 appeal proceedings. They may not be reworked now in a motion for new trial.

Petitioner thereafter sought leave from a single justice of the Supreme Judicial Court to appeal the denial of the motion to the full Supreme Judicial Court pursuant to Mass.Gen.Laws Ann. ch. 278, § 33E (West 1981), the state review statute applicable to

---

* Of the Second Circuit, sitting by designation.

1. A capital case, for purposes of Massachusetts review, is one in which the defendant was tried on an indictment for murder in the first degree and was convicted of murder in the first degree. Mass.Gen.Laws Ann. ch. 278, § 33E (West 1981).

2. Mass.Gen.Laws Ann. ch. 278, § 33E (West 1981) provides, in pertinent part:

   In a capital case ... the entry in the supreme judicial court shall transfer to that court the whole case for its consideration of the law and the evidence. Upon such consideration the court may, if satisfied that the verdict was against the law or the weight of the evidence, or because of newly discovered evidence, or for any other reason that justice may require (a) order a new trial or (b) direct the entry of a verdict of a lesser degree of guilt and remand the case to the superior court for the imposition of sentence.

3. In his post-conviction motion Dickerson alleged that the jury instructions on circumstantial evidence shifted the burden of proof to the defendant, invaded the fact-finding responsibility of the jury, and denied him his right to a trial by jury.

capital defendants. The single justice denied leave to appeal, finding that petitioner's claims were waived by his failure to raise them at trial or on direct appeal. Petitioner then attempted to appeal his case to the full court in the face of the plain language of § 33E which provides:

If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court.

While petitioner's case was pending, the Supreme Judicial Court decided *Leaster v. Commonwealth*, 385 Mass. 547, 432 N.E.2d 708 (1982), and squarely held that a single justice's denial of leave to appeal a denial of post-conviction relief pursuant to § 33E is unreviewable. Thereafter, petitioner submitted a supplemental memorandum in which he argued that the Massachusetts post-conviction review procedures violated his equal protection rights because under § 33E capital defendants must seek leave to appeal a denial of post-conviction relief while noncapital defendants have an appeal to the Massachusetts Court of Appeals as a matter of right.[4]

Petitioner then filed a habeas corpus petition in federal district court, asserting both the jury instruction challenge and the equal protection claim. Upon an order of reference, the magistrate found the equal protection claim to be without merit and found review of the jury instruction challenge to be barred by petitioner's failure to raise the challenge at trial on direct appeal. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The district court adopted the magistrate's report and denied petitioner's application for a certificate of probable cause. This court granted leave to appeal. On appeal, petitioner does not challenge the dismissal of the jury instruction claim; the only issue he raises is the district court's finding that § 33E does not violate the fourteenth amendment.

*The Issues*

■ The Commonwealth first contends that petitioner's claim is not appropriate for habeas corpus review because he is attacking a state review procedure, not his conviction. 28 U.S.C. § 2254 states that a federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution ...." Traditionally, the writ has been available in a wide range of circumstances where the petitioner is in custody or is threatened with detention and such detention is in some way related to an alleged constitutional violation. The Supreme Court has specifically addressed state post-conviction procedure via habeas petitions in *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963) (review of state's denial of a free transcript to an indigent seeking review of denial of a writ of coram nobis) and *Dowd v. Cook*, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951) (review of petitioner's claim that state's failure to allow state habeas petition, coram nobis, or delayed appeal denied equal protection to petitioner).

Recently, however, a number of courts have refused to consider attacks on post-conviction proceedings by habeas petitions on the ground that errors or defects in a state post-conviction proceeding do not *ipso facto* render a detention unlawful and,

---

**4.** Noncapital defendants can appeal post-conviction claims to a panel of three court of appeals judges without first seeking leave to appeal from a single judge under Mass.R.Crim.P. 30(c)(8) and 30(a) which provides:

Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.

. . . .

An appeal from a final order under this rule may be taken to the Appeals Court by either party . . . .

therefore, the petitioner is not entitled to habeas corpus relief. *See Vail v. Procunier*, 747 F.2d 277 (5th Cir.1984); *Williams v. State of Missouri*, 640 F.2d 140 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *Noble v. Sigler*, 351 F.2d 673, 678 (8th Cir.1965), *cert. denied*, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966); *Bradshaw v. State of Oklahoma*, 398 F.Supp. 838 (E.D.Okla.1975); *Stokley v. Maryland*, 301 F.Supp. 653 (D.Md.1969).

While this position is appealing at first blush, on analysis we find that it is neither consonant with the basic policies of habeas corpus relief nor Supreme Court rulings.[5] In *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), the Supreme Court held that habeas relief for a constitutional defect in state procedure cannot be made to depend upon whether the petitioner's underlying claim would be cognizable in a habeas proceeding or is grounds for reversal. *Id.*, 395 U.S. at 330, 89 S.Ct. at 1717. *See also, Wilbur v. State of Maine*, 421 F.2d 1327, 1330 (1st Cir.1970); *Williams v. LaVallee*, 487 F.2d 1006, 1010 (2d Cir.1973), *cert. denied*, 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974). The fact that a petitioner's underlying claim can only be addressed in state court does not give a state the license to administer its laws in an unconstitutional fashion.

Although there is no definitive list of the situations which are appropriate for habeas relief, the Advisory Committee on the Supreme Court Rules has suggested that claims not related to the propriety of the custody itself might be better handled by other means such as 42 U.S.C. § 1983 and other related statutes.[6] And courts have, in some instances, treated habeas petitions by prisoners attacking the conditions of confinement as a claim for relief under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1973); *Clutchette v. Procunier*, 497 F.2d 809 (9th Cir.1974), *reversed on other grounds sub nom. Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

The two principal differences between a habeas corpus petition and a suit brought pursuant to 42 U.S.C. § 1983 are that release is not an available remedy in § 1983 suits while it is the traditional remedy for successful habeas petitions, and exhaustion of state remedies is not a prerequisite to suit in federal court under § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 479, 93 S.Ct. 1827, 1831, 36 L.Ed.2d 439 (1973), a suit brought by a prisoner to restore good time credits he claimed were unconstitutionally denied him, the Supreme Court held that where the root of the action is an attack upon the detention or the duration of custody, habeas corpus, not a § 1983 suit, is the appropriate means of seeking redress regardless of whether the original conviction is the basis of the claim. *Id.*, 411 U.S. at 491, 93 S.Ct. at 1837. As in *Preiser*, the ultimate relief this petitioner seeks is release.

In *Preiser* the Court also noted that the strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors also require giving states the first opportunity to correct errors made in the internal administration of their prisons. *Id.*, 411 U.S. at 492, 93 S.Ct. at 1837. We think that the considerations of comity the Supreme Court found in *Preiser* are present here; the state has a profound interest in its own criminal procedure and, if it is defective, ought to be

---

**5.** Federal prisoners have been permitted to contest the conditions of confinement by means of habeas proceedings even though the conditions were not the cause of detention and even though release was not the appropriate remedy. *See, e.g., Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (denial of access to typewriter and law books); *Bradshaw v. Carlson*, 682 F.2d 1050 (3d Cir.1981) (transfer from one federal correctional facility to another);

*Cardaropoli v. Norton*, 523 F.2d 990 (2d Cir. 1975) (petition contesting designation as a special offender); *Mead v. Parker*, 464 F.2d 1108 (9th Cir.1972) (inadequacy of prison library).

**6.** The Commonwealth, in oral argument, advocated the use of 42 U.S.C. § 1983 rather than a habeas petition for attack on post-conviction procedure.

given the first opportunity to correct it. Accordingly, both because release is the ultimate relief sought and because of considerations of comity, we hold that petitioner's claim is the proper subject of a habeas corpus petition.

We next consider whether the petitioner has exhausted his state remedies with respect to the constitutional challenge. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Williams v. Holbrook,* 691 F.2d 3, 5 (1st Cir.1982). Although the Commonwealth conceded exhaustion in district court, we are not bound by the concession of the state's counsel. The purpose of the exhaustion doctrine is to afford the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation. *Fay v. Noia,* 372 U.S. 391, 418–19, 83 S.Ct. 822, 837–38, 9 L.Ed.2d 837 (1963). A state's counsel may not ordinarily waive or concede exhaustion unless the interest of justice so requires. *Sweet v. Cupp,* 640 F.2d 233, 237 n. 5 (9th Cir.1981); *Trantino v. Hatrack,* 563 F.2d 86, 96 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).

Petitioner's "presentation" to the state courts in this case consisted of a supplemental memorandum submitted to the Supreme Judicial Court while his unreviewable appeal from the single justice was pending. In order for the Supreme Judicial Court to have reached the merits of petitioner's appeal, it would have had to overrule its decision in *Leaster v. Commonwealth,* 385 Mass. 547, 432 N.E.2d 708, and construe § 33E to provide for an appeal, although the plain language of that statute indicates that further review is not available. Since the Supreme Judicial Court dismissed the appeal without opinion, it follows that the claims were denied on procedural grounds rather than on the merits. A petition for post conviction relief to a state court which is denied on procedural grounds does not exhaust the petitioner's state remedies. *Sweet v. Cupp,* 640 F.2d at 237. To hold otherwise would permit habeas petitioners to subvert the exhaustion doctrine by utilizing inappropriate state procedures where there is no possibility that the state will review the petition on the merits.

Petitioner has other available means for pursuing this claim in state court. He can either seek review in the Massachusetts Superior Court under a new Rule 30 motion or can file a suit for a declaratory judgment and seek injunctive relief pursuant to Mass.Gen.Laws Ann. ch. 231A (West 1959). *See Hennessy v. Superintendent Massachusetts Correctional Institution, Framingham,* 386 Mass. 848, 438 N.E.2d 329, 331 (1982); *Pina v. Superintendent Massachusetts Correctional Institution, Walpole,* 376 Mass. 659, 382 N.E.2d 1079, 1082 (1978); Massachusetts Practice §§ 2055–2094 (2d ed. 1983). In view of the clear availability of procedural mechanisms that enable petitioner to pursue his claim, if he so chooses, in state court, we find that Dickerson did not exhaust his state remedies and, therefore, decline to exercise federal jurisdiction at this time.

*Dismissed.*