Johnny Lee KIRBY,
Petitioner-Appellant,

v.

Michael DUTTON, Warden; William
Leech, Attorney General,
Respondents-Appellees.

No. 84–5757.

United States Court of Appeals,
Sixth Circuit.

Argued June 3, 1986.

Decided July 8, 1986.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, argued, Michael Dutton, Warden Tennessee State Penitentiary, Nashville, Tenn., for respondents-appellees.

Thomas W. Brothers (CJA), argued, Nashville, Tenn., for petitioner-appellant.

Before MARTIN, KRUPANSKY and GUY, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Johnny Lee Kirby appeals the district court's denial of his petition for habeas corpus. Kirby was convicted in Tennessee state court of two counts of assault with intent to commit murder. The Tennessee Court of Criminal Appeals affirmed Kirby's conviction and the Tennessee Supreme Court denied leave to appeal. Kirby is now an inmate serving two concurrent sentences of twenty years.

Kirby's appeal before this Court stems from a state post-conviction proceeding which Kirby filed in an attempt to overturn his conviction. In that collateral proceeding, the state court appointed counsel to represent Kirby pursuant to Tennessee Code section 40–14–204 which provides that a court must "appoint counsel, if necessary" for indigents in post-conviction proceedings. *See also* Tenn.Code Ann. § 40–30–121. The court later granted the State's motion to dismiss the post-conviction action. Kirby then filed a pro se notice of appeal and his attorney sought permission to withdraw because Kirby no longer desired his representation. The trial court denied the attorney's request. Kirby filed a motion to discharge counsel and appoint new counsel for purposes of Kirby's appeal in the Tennessee Court of Criminal Appeals. Kirby claimed that his attorney had rendered ineffective assistance in the collateral post-conviction action. The Court of Criminal Appeals denied the motion and the Tennessee Supreme Court has denied Kirby leave to appeal to that court.

Kirby filed this federal habeas corpus action under 28 U.S.C. § 2254 claiming that he was deprived of effective assistance of counsel in the post-conviction proceeding because his attorney did not subpoena all of the witnesses Kirby thought should be subpoenaed, the attorney did not call the witnesses that Kirby thought he should have called, and the attorney did not object

to the State's motion to dismiss. Kirby claims that his attorney's inaction deprived him of effective assistance of counsel in violation of the sixth amendment. The district court concluded that the sixth amendment did not apply to this case because the post-conviction proceeding was civil in nature, not criminal. The sixth amendment requires effective assistance of counsel only in criminal proceedings. The district court summarily dismissed the action.

On appeal, Kirby indicates that he claims in his petition that he was denied due process and equal protection when the court refused to replace his counsel and forced him to continue with unwanted counsel. Kirby argues that once the trial court determined that Kirby was entitled to representation in the collateral attack proceeding because he was an indigent, then Kirby was entitled to effective and meaningful representation in order to satisfy the requirements of fundamental fairness guaranteed by the due process clause of the fifth and fourteenth amendments of the United States Constitution. Kirby further argues that he is entitled to effective and meaningful representation pursuant to the equal protection clause of the fourteenth amendment and was denied this because a solvent petitioner could have replaced his counsel immediately with counsel willing to zealously and competently represent his interests. The government claims that Kirby has not exhausted available state remedies because he did not present the substance of his claims in the state courts.

We are not required to analyze the substance of Kirby's equal protection and due process arguments or the government's exhaustion argument. Nor are we required to determine the correctness of the district court's conclusion that the sixth amendment cannot apply to Kirby's post-conviction proceeding because the post-conviction proceeding is civil, not criminal in nature.[1] We need not reach these issues because we hold that Kirby's claims cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254.

Section 2254(a) states that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The writ, traditionally, has been available when the petitioner is in custody or threatened with custody and the detention is related to a claimed constitutional violation. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court analyzed the scope of the applicability of the writ of habeas corpus, stating:

It is clear, not only from the language of ... § 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.

411 U.S. at 484, 93 S.Ct. at 1833. In *Preiser*, three prisoners had brought a suit under 42 U.S.C. § 1983, claiming that they were unconstitutionally deprived of goodtime credits as a result of disciplinary proceedings. In each case, restoration of the goodtime credits would result in immediate release. *Id.* at 476, 93 S.Ct. at 1829. The Court held that habeas corpus was the exclusive mode of relief because this situation "fell squarely within [the] traditional scope of habeas corpus." *Id.* at 487, 93 S.Ct. at 1833. The deprivation of the goodtime credits would cause the prisoners to be illegally detained longer than they

---

1. Courts addressing this issue have held that collateral post-conviction proceedings are civil, not criminal, proceedings so the sixth amendment cannot apply to require effective assistance of counsel. *See Dankert v. Wharton*, 733 F.2d 1537 (11th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 438, 83 L.Ed.2d 364 (1984); *Mitchell v. Wyrick*, 727 F.2d 773 (8th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir.), *cert. denied*, 451 U.S. 999, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *United States ex rel. Curtis v. Illinois*, 521 F.2d 717, 718 (7th Cir.), *cert. denied*, 423 U.S. 1023, 96 S.Ct. 465, 46 L.Ed.2d 397 (1975); *Stanley v. Wainwright*, 406 F.2d 8, 10 (5th Cir.1969).

would otherwise be detained if the good-time credits were awarded. *Id.*

In contrast, Kirby claims a denial of the sixth amendment right to effective assistance of counsel, a denial of due process, and a denial of equal protection in the State *post-conviction* proceedings—claims unrelated to his detention. Kirby has raised no other claims deriving from the conviction or sentencing proceeding. If we were to allow Kirby to proceed on his petition and if we were to hold in favor of Kirby, the result would not be release or a reduction in Kirby's time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.

The analysis of the writ of habeas corpus in *Preiser* directs us to the conclusion that habeas corpus should not be available to Kirby. However, in *Preiser*, the analysis was in the context of whether 42 U.S.C. § 1983 could be used if the prisoner was challenging the fact or length of his incarceration. The Court held that habeas corpus was the only available relief, but did not address the question of whether habeas corpus was *not* available if the fact or length of the incarceration was *not* being challenged by the petition on the writ.

Our conclusion that habeas corpus is not applicable to Kirby is bolstered by the decisions of other circuits facing the question of whether habeas corpus can be used to challenge state post-conviction proceedings. These courts have concluded, in agreement with the *Preiser* analysis, that the writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings such as Kirby claims here because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration. *Vail v. Procunier*, 747 F.2d 277 (5th Cir.1984); *Mitchell v. Wyrick*, 727 F.2d 773 (8th Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 438, 83 L.Ed.2d 45 (1984); *Williams v. Missouri*, 640 F.2d 140 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *United States ex rel. Curtis v.*

*Illinois*, 521 F.2d 717 (7th Cir.), *cert. denied*, 423 U.S. 1023, 96 S.Ct. 465, 46 L.Ed.2d 397 (1975). *But cf. Dickerson v. Walsh*, 750 F.2d 150 (1st Cir.1984) (rejecting cases listed above and allowing attack on post conviction proceeding by habeas petition). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981), Williams claimed that he was incompetently represented by counsel on a motion to vacate his guilty plea and sentence. The court expressed with clarity its position that errors in post-conviction proceedings are not the proper subject of the writ of habeas corpus. The *Williams* court stated that "[e]ven where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself." *Id.* at 144.

The First Circuit, in *Dickerson v. Walsh*, 750 F.2d 150 (1st Cir.1984), rejected the *Williams* rationale and held that Dickerson's claim of denial of equal protection in the Massachusetts post-conviction review procedures could be reviewed on a petition of habeas corpus. The basis of Dickerson's claim was that capital defendants such as Dickerson must seek leave to appeal a denial of post-conviction relief while noncapital defendants have an appeal as a matter of right. The *Dickerson* court found that holding that habeas corpus was inapplicable was not in accordance with the policies of habeas corpus or Supreme Court rulings. *Id.* at 153.

This opinion appears to have been based upon the incorrect assumption that the other circuit courts required the result of the habeas petition to be reversal of the conviction. The *Dickerson* court determined that the correct focus was to consider whether *Dickerson* was ultimately seeking release, the traditional goal of petitions of habeas corpus. Finding that Dickerson's ultimate goal was release, the court found that habeas corpus was the proper avenue for Dickerson's claims.

We believe that the result of the habeas petition need not necessarily be reversal of the conviction. However, the petition must directly dispute the fact or duration of the confinement. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841–42. Though the *ultimate* goal in this case, as in *Dickerson*, is release from confinement, the result of habeas review of the specific issues before us is not in any way related to the confinement. We decline to allow the scope of the writ to reach this second tier of complaints about deficiencies in state post-conviction proceedings. We find the *Williams* stance persuasive in light of the history of the scope of the writ as discussed in *Preiser* and our own hesitancy to enlarge the scope of the writ of habeas corpus without specific Supreme Court guidance.

We affirm.