822 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Baby Ray TERRELL, Petitioner-Appellant,
v.
Michael DUTTON, Warden; and Attorney General of Tennessee,
Respondents- Appellees.
 No. 86-6264
 United States Court of Appeals, Sixth Circuit.
 March 30, 1987.
 
 Before MERRITT, Circuit Judge.
 
 
 1
 The petitioner appeals the order denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 (1982). He now applies, pro se, for a certificate of probable cause permitting appeal to this Court. He also moves for appointment of counsel on appeal.
 
 
 2
 In 1981, the petitioner was convicted by a Tennessee jury of robbery with use of a deadly weapon and for being a habitual offender. This judgment was affirmed by the Tennessee Court of Appeals and certiorari was denied by the Tennessee Supreme Court. The petitioner then filed an application for post-conviction relief which was denied. The post-conviction relief petition was based on ineffective assistance of counsel at trial.
 
 
 3
 The petitioner's habeas corpus petition is based on two claims: (1) Ineffective assistance of counsel on appeal and in the post-conviction relief proceeding. (2) The post-conviction relief procedure denied the petitioner due process of law.
 
 
 4
 The basic argument put forth by petitioner seems to be that although the constitution does not require the states to offer a post-conviction relief procedure, once such a procedure is adopted, the process employed must be applied equally and fairly under the Fourteenth Amendment.
 
 
 5
 A case from this Court, Kirby v. Dutton, apparently holds that these claims are not cognizable in federal habeas corpus. 794 F.2d 245 (6th Cir. 1986). The panel there held that state prisoners may not challenge the constitutionality of post-conviction proceedings in habeas corpus petitions. The only claims raised by petitioner in this case relate to the constitutionality of the post-conviction procedure. These claims have also not been exhausted in the Tennessee courts.
 
 
 6
 Accordingly, the application for a certificate of probable cause is denied. The motion for counsel is rendered moot.