836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nelson GREEN, Herlon Green, Petitioners-Appellants,
v.
William D. LEEKE, Commissioner, Attorney General of South
Carolina, T. Travis Medlock, Respondents-Appellees.
 No. 85-6666.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 2, 1987.
Decided Dec. 30, 1987.
 
 Thomas Ross Haggard, University of South Carolina School of Law for appellant.
 Frank Louis Valenta, Jr., Assistant Attorney General (T. Travis Medlock, Attorney General, Donald J. Zelenka, Chief Deputy Attorney General on brief) for appellees.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Nelson and Herlon Greek seek to appeal from the district court's denial of habeas corpus relief. We grant a certificate of probable cause to appeal, affirm the denial of relief on two claims and vacate as to the third claim with direction to dismiss that claim as moot.
 
 
 2
 The Greens' federal habeas petition alleges the following grounds for relief from their 198 state court convictions:
 
 
 3
 (1) that they were denied due process when the state delayed in answering their applications for state post-conviction relief and a material witness died before a hearing on the state application could be held;
 
 
 4
 (2) that they were denied the effective assistance of counsel when their attorneys failed to challenge their confessions and promised them that they would receive two-year sentences if they pled guilty; and
 
 
 5
 (3) that they were denied due process when their attorneys failed to prevent the trial court from considering uncounseled convictions at the time of sentencing.
 
 
 6
 The magistrate, to whom the Greens' petition was referred pursuant to 28 U.S.C. Sec. 636(b), found that the factual findings of the state post-conviction court on these same claims were entitled to a presumption of correctness, and recommended that relief be denied on that basis. The district court adopted the magistrate's recommendation.
 
 
 7
 With respect to the first[1] and second claims, the state court records reveal that the Greens received a full, fair and adequate hearing; that the state court made specific findings of fact which established that the claims lack merit; and that these findings are fairly supported by the record. The district court therefore appropriately denied relief. 28 U.S.C. Sec. 2254(d).
 
 
 8
 The Greens' third claim, based on the alleged consideration of uncounseled convictions in imposing sentence, is now moot. The Greens have served out their sentences and been unconditionally released; no collateral consequences remain from the sentences. As the Greens' third claim challenged only the sentences imposed and did not raise any question about the validity of the underlying convictions, expiration of the sentences mooted the claim. See Lane v. Williams, 455 U.S. 624, 631 (1982).
 
 
 9
 We accordingly vacate the denial of relief on the third claim and remand to the district court for dismissal of that claim as moot. The denial of relief on the first two claims is affirmed. The Greens' "Motion for Judgment of Acquittal at Close of All the Evidence--Federal" is denied.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 It is questionable whether the Greens' first claim, challenging delay in state post-conviction proceedings, states a basis for federal habeas relief as the claim does not undermine the validity of the conviction itself. See Kirby v. Dutton, 794 F.2d 245 (6th Cir.1986); Stokley v. Maryland, 301 F.Supp. 653 (D.Md.1969). The record of the state post-conviction proceedings establishes, at any rate, that the claim is without merit