William CORNISH

v.

Warden Donalnd [sic] VAUGHN
and the Attorney General of
the State Preate.

Civ. A. No. 93–0593.

United States District Court,
E.D. Pennsylvania.

July 8, 1993.

William Cornish, pro se.

Donna Zucker, Asst. Dist. Atty., Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In 1987, William Cornish, a state prisoner, was afforded a remand of the petition he had filed under the Post–Conviction Relief Act, 42 Pa.C.S.A. § 9541, *et seq.* Successive counsel for Mr. Cornish delayed hearings on the petition so that his claims have still not been heard.[1] On February 4, 1993, Cornish filed this *pro se* habeas petition contending that the delay in these state collateral proceedings has violated his constitutional right to effective assistance of counsel and to due process of law. Cornish also asks that I consider his PCRA claims regarding alleged trial errors directly.

I agree with the recommendation of Magistrate Judge Naythons that I dismiss Cornish's petition, but differ with his reasoning in the following way.

### I. *Ineffective Assistance of Counsel*

Magistrate Judge Naythons held that Cornish's ineffective assistance of counsel claim must fail because Cornish never had a sixth amendment right to counsel in his state collateral proceedings. He states that *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987), and *Tillet v. Freeman*, 868 F.2d 106, 108 (3d Cir.1989), require this result.

This conclusion overstates *Finley.* In *Finley*, the Supreme Court held that where a petitioner has no *constitutional* right to appointed counsel, such as in a collateral post-conviction proceeding, he or she is not enti-

1. Through Judge Papalini's chambers, where the petition is pending, my law clerk was informed that Cornish is now represented by Sidney Kine, Esq. Mr. Kine has had the matter listed for conference on August 18, 1993.

tled to the procedures mandated in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), regarding the withdrawal of attorneys. *Anders* had held that when an attorney appointed to represent an indigent defendant *on direct appeal* finds the case frivolous and wants to withdraw, the attorney must submit, with the request for withdrawal, a brief highlighting anything in the record which arguably supports the appeal. *See Anders*, 386 U.S., at 744, 87 S.Ct., at 1400. *Finley* only held that these procedures are not required where a petitioner's right to counsel is based in state law (as it is in Pennsylvania PCRA proceedings) rather than in the Constitution. *See Finley*, 481 U.S., at 554–55, 107 S.Ct., at 1992–93. *Finley* did *not* hold that every habeas claim alleging ineffective assistance of counsel in state collateral proceedings must be dismissed.[2]

There may be other reasons to bar habeas claims alleging ineffective assistance at state collateral proceedings,[3] although I am not inclined to agree with them. I consider Judge Joseph Lord's reasoning in *Forrest v. Fulcomer*, 1990 WL 9370 (E.D.Pa.1990), persuasive. He said: "a rule which excludes all errors in post-conviction proceedings, constitutional or otherwise, from the remedy of habeas corpus [hardly] comports with the historical purpose and function of the writ." *Id.* at *2. He also quoted *Dickerson v. Walsh*, 750 F.2d 150 (1st Cir.1984), which had called the majority rule barring these habeas claims "neither consonant with the basic policies of habeas corpus relief nor Supreme Court rulings." *Id.* at 153.

In any event, I do not need to decide whether habeas relief is available where the allegation of ineffective assistance of counsel is based on delays in the collateral proceedings, because in this case, at least, the matter is moot. The only relief I could grant Cornish, assuming his claim had merit, would be to waive the requirement that he exhaust all his state remedies. Unlike with ineffective *trial* counsel, I cannot grant a new trial. Unlike with federal defendants, I cannot order new counsel or in some other way speed the hearing along. I can only deem Cornish's state petitions futile and hear his claims myself.[4]

■ Were I to consider the claims on their merits, however, I would need, as Magistrate

---

**2.** To the extent *Tillett* interprets *Finley* that way, it, too, overstates the case. The Third Circuit wrote in *Tillett:*

> The first question presented is whether a claim of ineffective assistance of counsel during Post Conviction Hearing Act proceedings is a federal law claim for which relief may be granted under 28 U.S.C. § 2241(c)(3). That question is resolved by *Pennsylvania v. Finley*, which rejects the contention that when Pennsylvania chooses to provide counsel in such proceedings the counsel must meet the same standards of performance as the federal Constitution requires on direct appeal. *Pennsylvania v. Finley* establishes that a claim of ineffective assistance of counsel in a Post Conviction Hearing Act proceeding is not one arising under the constitution or laws of the United States. It is at most one arising under Pennsylvania law.
>
> 868 F.2d at 108 (citations omitted). *Finley* did not make the sweeping claim which *Tillet* arguably attributes to it. *Finley* held only that the *Anders* procedures governing the withdrawal of counsel, which evolved from a defendant's constitutional right to counsel on direct appeal, do not apply where a right to counsel is merely a matter of state law.

**3.** Several courts of appeals have held that habeas relief is intended only to address claims attacking underlying state convictions, not matters collateral to those convictions. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.) (per curiam), *cert. denied, sub nom. Franzen v. Deeds*, 493 U.S. 1012, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218–20 (10th Cir.1989); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam); *Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir.), *cert. denied*, 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987); *Kirby v. Dutton*, 794 F.2d 245 (6th Cir.1986); *Williams v. Missouri*, 640 F.2d 140, 143–44 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *but see Dickerson v. Walsh*, 750 F.2d 150 (1st Cir.1984) (equal protection challenge to state post-conviction proceeding held cognizable in habeas proceeding).

**4.** Waiving the exhaustion requirement would be appropriate here pursuant to *Moore v. Deputy Commissioner(s) of SCI–Huntingdon*, 946 F.2d 236 (3d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1509, 117 L.Ed.2d 647 (1992). In *Moore*, the Third Circuit held that where a petition for post-conviction relief had been pending in state court for nearly three years, even in part because of petitioner's counsel's delays, exhaustion was futile and could be waived. *See id.* 946 F.2d at 242, n. 3.

Judge Naythons concluded, to dismiss Cornish's claims as an abuse of the writ. Habeas petitioners are required to raise all colorable claims in their initial petitions to a district court. *See McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). In 1979, Cornish filed a habeas petition here in which he could have, but did not, raise the trial errors which he now alleges. *See* Magistrate Judge Naythons' discussion, at 4–6. Absent demonstrations of cause for and prejudice from this delay, or in the alternative, presentation of facts showing that a miscarriage of justice will result if I refuse to hear his claims, Cornish's petition must be dismissed. *See id.* at 6–7.

### II. *Due Process*

█ Cornish reiterates in his objections to the magistrate judge's report that the six-year delay in state court itself has violated his right to due process. Due process violations require action (or inaction) by the state. Here, the conduct of Cornish's attorneys in failing to appear for hearings and in requesting numerous continuances cannot be attributed to the state. Moreover, even if the delay could somehow be attributed to the state (for having granted the attorneys' requests, for example), I could again only waive the exhaustion requirement—which would, as I have explained, only lead me to dismiss Cornish's claims as an abuse of the writ.

Cornish's petition for habeas relief must be denied. An order follows.

### ORDER

AND NOW, this 8th day of July, 1993, it is hereby ordered that:

1. The Report and Recommendation of Magistrate Judge Naythons, filed April 5, 1993, is approved and adopted except to the extent addressed in the accompanying opinion.

2. The petition for writ of habeas corpus is denied and dismissed.

3. There is no probable cause for appeal.