Mathison v. Warden, NH State Prison    CV-98-457-M    10/19/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


James L. Mathison,
      Petitioner

      v.                                    Civil No. 98-457-M
                                            Opinion No. 2000 DNH 218
Michael J. Cunningham, Warden,
New Hampshire State Prison;
The New Hampshire Supreme Court; and
Merrimack County Superior Court,
      Respondents


                          **O R D E R**


      James L. Mathison, appearing pro se, petitions for a writ of

habeas corpus, challenging his state court convictions for one

count of felonious sexual assault and one count of aggravated

felonious sexual assault.  See 28 U.S.C. § 2254.  Although his

petition raises 27 distinct claims, they fall into three general

categories: first, he claims that he was denied effective

assistance of counsel at his criminal trial; second, he says that

the procedures employed by the state superior court in reaching

the merits of his subsequent state petition for habeas corpus

operated to deny him his constitutional rights to due process and

equal protection; and, finally, he raises essentially the same

due process and equal protection claims with regard to the manner in which the New Hampshire Supreme Court disposed of his appeal of the lower state court's denial of his habeas corpus petition.

## Background

In July of 1990, petitioner was indicted on charges of felonious sexual assault and aggravated felonious sexual assault. His first trial resulted in a deadlocked jury and a mistrial. Subsequently, he was re-tried and convicted on both counts. The New Hampshire Supreme Court, however, reversed both convictions, since petitioner was not provided with transcripts of the first trial prior to commencement of the second trial. Accordingly, the matter was remanded and scheduled for a third trial.

Prior to his third trial, petitioner was charged with perjury, arising from testimony he had given in his second trial. The perjury charge was consolidated with the two sexual assault charges and trial began. Petitioner was convicted on both sexual assault counts, but acquitted on the perjury count. He again appealed to the New Hampshire Supreme Court, which affirmed his

2

convictions.  See State of New Hampshire v. Mathison, No. 95-245
(N.H. February 4, 1996).

In April of 1997, petitioner filed a petition for writ of
habeas corpus in the Merrimack County (New Hampshire) Superior
Court, alleging that he was denied effective assistance of
counsel during his third trial.  After ruling on a number of
procedural motions, the court held a hearing on October 24, 1997,
at which it heard arguments on the merits of the petition for
habeas corpus.  By order dated November 24, 1997, the court
denied the petition.  See Mathison v. Cunningham, No. 97-E-0132
(Merrimack Sup. Ct. November 24, 1997).  Petitioner appealed that
denial to the New Hampshire Supreme Court, which summarily
affirmed the lower court's decision.  See Mathison v. Warden, New
Hampshire State Prison, No. 98-013 (N.H. July 6, 1998).
Petitioner then filed a petition for writ of habeas corpus in
this court.

## Discussion

I.  Legal Framework.

Before considering the merits of a petition for habeas corpus, a federal court must first determine whether the petitioner has exhausted available remedies in the state court system.  See 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  A petitioner's failure to exhaust state remedies can be excused only if "there is an absence of available State corrective process" - in which case exhaustion is simply impossible - or when "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

To satisfy the exhaustion requirement of § 2254, a petitioner must have "fairly presented the substance of his federal habeas claim to the state court before seeking federal review."  Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987).  That

4

requirement can be met by any of the following: "(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right specifically guaranteed by the Constitution." Id. (citing Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984)). See also Nadworny v. Fair, 872 F.2d 1093, 1097 (1st Cir. 1989).

If the provisions of § 2254(b)(1) are met, the petitioner must demonstrate that the state court adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Alternatively, the petitioner must show that the state court's resolution of his habeas petition was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court recently explained the

5

distinction between decisions that are "contrary to" clearly established federal law, and those that involve an "unreasonable application" of that law.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).

II. Petitioner's Claims.

In its answer, the State acknowledges that petitioner fairly presented to the New Hampshire Supreme Court his claims concerning ineffective assistance of trial counsel and has, therefore, exhausted all available state remedies as to those claims.

The remainder of petitioner's claims, however, suffer from numerous defects. Many either fail to raise questions of federal law or were not properly presented in petitioner's appeal to the New Hampshire Supreme Court. For example, claim 12.B.11 asserts that the state superior court "refused to obey RSA 534:21 and hold the hearing on the writ of habeas corpus within three days as required by [state] law." Plainly, that claim fails to allege that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims 12.B.8 ("the court accepted the misbehavior by the agents of the State without any sanction") and 12.B.9 ("The court accepted conduct constituting a felony in the presence of the court by agents of the State without any sanction.") suffer from similar problems.

Other claims simply fail to set forth a basis for habeas relief. For example, in claim 12.B.10 petitioner asserts that during his state habeas proceedings "the court denied the appointment of counsel, compounding the error of ineffective assistance of counsel" at petitioner's criminal trial. However,

7

the ineffectiveness of counsel during a state habeas proceeding and, by necessary implication, the failure to appoint counsel during that proceeding (at least in non-capital cases) cannot form the basis of relief under section 2254. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Compare 28 U.S.C. § 2261 (addressing the appointment of counsel to petitioners under a capital sentence). See also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state postconviction proceedings."); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today.") (citation omitted).

There is, however, a more fundamental problem with petitioner's remaining claims. Each relates to some alleged deficiency in the manner with which the state superior court or

8

supreme court handled his state petition for habeas corpus. See Petition for Habeas Corpus (document no. 1), claims 12.B.1 through 12.C.6. Thus, through this proceeding, petitioner is seeking to challenge the procedures relating to, and ultimately the results of, state proceedings that were collateral to his underlying criminal trial.

With one notable exception, every circuit court of appeals that has addressed this issue has concluded that the writ of habeas corpus is not an appropriate means by which to challenge alleged deficiencies in a state court proceeding that was collateral to the petitioner's trial. See, e.g., Conner v. Director of Div. of Adult Corrections, 870 F.2d 1384, 1386-87 (8th Cir. 1989); Bryant v. State of Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987); Kirby v. Dutton, 794 F.2d 245, 247-48 (6th Cir. 1986); Vail v. Procunier, 747 F.2d 277, 277-78 (5th Cir. 1984). In 1984, however, the Court of Appeals for the First Circuit held that there are circumstances under which a petitioner could attack state post-conviction proceedings in a federal habeas

petition.  Dickerson v. Walsh, 750 F.2d 150, 152-53 (1st Cir.

1984).


In Dickerson, the petitioner challenged the Commonwealth of

Massachusetts' post-conviction review procedure applicable to

capital defendants.  Specifically, Dickerson claimed that while

capital defendants must seek leave to appeal a denial of post-

conviction relief, non-capital defendants have an appeal to the

Massachusetts Court of Appeals as a matter of right.  The

distinction between the manner in which post-conviction appeals

might be pursued, said Dickerson, violated the equal protection

clause of the Fourteenth Amendment.  The district court concluded

that the challenged state procedure did not violate the

Fourteenth Amendment and, therefore, denied Dickerson's

application for a certificate of probable cause.  Dickerson

appealed.


In reviewing Dickerson's appeal, the court of appeals

acknowledged that a number of other circuit courts of appeal had

"refused to consider attacks on post-conviction proceedings by

habeas petitions on the ground that errors or defects in a state post-conviction proceeding do not ipso facto render a detention unlawful." Id., at 152. The court went on, however, to conclude that such a practice was not appropriate.

> While this position is appealing at first blush, on analysis we find that it is neither consonant with the basic policies of habeas corpus relief nor Supreme Court rulings. . . . The fact that a petitioner's underlying claim can only be addressed in state court does not give a state the license to administer its laws in an unconstitutional fashion.

Id., at 153.

Here, however, petitioner does not challenge a state procedural rule or the manner in which the State of New Hampshire administers its post-conviction procedures. Nor does petitioner assert that any of the alleged deficiencies identified in his petition precluded him from obtaining state court review of his state habeas petition. Instead, unlike the petitioner in Dickerson, the petitioner in this case challenges a number of procedural rulings issued by the state habeas court. As the State has observed in its objection to petitioner's motion for

11

sanctions (document no. 15), what the petitioner challenges in this proceeding is the "propriety of a particular judge's [discretionary] rulings which were rendered on a particular set of facts." Id., at 3. Critically, none of the issues raised by petitioner suggests that he was denied a full and meaningful opportunity to file (and have decided) his state petition for habeas relief. Instead, his claims focus exclusively on the habeas court's failure to sanction the State for alleged violations of various procedural orders, the court's failure to seek criminal prosecution of a state agent for his alleged perjury, and the court's alleged failure to require the State to answer his petition in a more timely manner.

Consequently, even if Dickerson remains good law and state inmates may employ 28 U.S.C. § 2254 to challenge certain constitutional deficiencies in state collateral review procedures, the court concludes that, at least in this case, petitioner cannot utilize the writ of habeas corpus to litigate what he perceives to have been errors of judgment made by the judge presiding over his state habeas petition that are not of

12

constitutional magnitude and that are not related to his confinement. See, e.g., Kirby, 794 F.2d at 247-48 ("Though the ultimate goal in this case, as in Dickerson, is release from confinement, the result of habeas review of the specific issues before us is not in any way related to the confinement. We decline to allow the scope of the writ to reach this second tier of complaints about deficiencies in state post-conviction proceedings. We find the Williams stance persuasive in light of the history of the scope of the writ as discussed in Preiser and our own hesitancy to enlarge the scope of the writ of habeas corpus without specific Supreme Court guidance."). Dismissal is particularly appropriate in this case since petitioner, unlike the petitioner in Dickerson, was afforded a full opportunity to present all the claims raised in his petition, given a hearing on the matter, provided with a written opinion in which the court explained the basis for its denial of his petition, and permitted to appeal that decision to the State's highest court.

Petitioner's claims regarding his state court habeas petition all relate to discretionary decisions made by the

presiding judge, each of which was <u>collateral</u> to the merits of petitioner's claims concerning alleged deficiencies in his criminal trial (i.e., the alleged ineffectiveness of trial counsel).  Thus, unlike <u>Dickerson</u>, this case does <u>not</u> involve a claim that the State has "administer[ed] its laws in an unconstitutional fashion."  <u>Dickerson</u>, 750 F.2d at 153.  <u>See also</u> <u>Cross v. Cunningham</u>, 87 F.3d 586, 588 (1st Cir. 1996) (rejecting petitioner's claim that state's alleged violation of Interstate Agreement on Detainers was cognizable in habeas corpus proceeding and observing that the "IAD provision at issue here has nothing to do with securing a fair trial, and [petitioner] <u>makes no claim that the alleged IAD violation actually impaired his ability to prepare a defense or to prosecute his appeal</u>.") (emphasis supplied).

Accordingly, the court holds that claims 12.B.1 through 12.C.6 are not cognizable under 28 U.S.C. § 2254.  In short, those claims fail to assert that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

14

## Conclusion

As to claims 12.B.1 through 12.C.6, the petition for writ of habeas corpus is denied.  As to claims 12.A.1 through 12.A.8, the State shall, on or before December 18, 2000, file with the court either: (a) a statement informing the court that an evidentiary hearing is necessary to resolve one or more genuinely disputed factual questions; or (b) a motion for summary judgment, with a supporting memorandum of law.  If the State believes that a transcript of the hearing on petitioner's state court habeas petition is relevant, it shall produce that transcript (at its expense) and submit copies of the same to the court and the petitioner.  See 28 U.S.C. § 2254(f) ("If the applicant, because of indigence or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official."); Rule 5 Governing Section 2254 Cases ("The answer shall indicate what transcripts . . . are available, when they can be furnished, and also what proceedings have been recorded and not transcribed.  There shall

be attached to the answer such portions of the transcripts as the answering party deems relevant.").

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 19, 2000

cc:  James L. Mathison
     Ann M. Rice, Esq.