822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ola HUDSON, Petitioner-Appellant,
v.
Arnold R. JAGO, Respondent-Appellee.
 No. 85-3874
 United States Court of Appeals, Sixth Circuit.
 July 2, 1987.
 
 Before KENNEDY, JONES and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hudson appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 The only colorable federal constitutional issues argued in Hudson's briefs in support of his habeas petition are that:
 
 
 3
 1) He was deprived of due process of law by the state's denial of his request for a trial transcript to pursue a post-conviction appeal; and
 
 
 4
 2) He was deprived of due process and equal protection of law by the denial of his request that counsel be appointed for his post-conviction appeal.
 
 
 5
 Hudson was convicted of aggravated robbery in an Ohio state court and sentenced to 7-25 years' imprisonment. Direct appeal was pursued unsuccessfully, with the assistance of court-appointed counsel. Subsequently, Hudson sought state habeas corpus, unsuccessfully, and conducted a pro se state post-conviction collateral attack, also unsuccessfully. In a brief addressed to the Ohio Supreme Court, Hudson first mentioned the claims he raises here, although the brief provided no real argument on these points. The Ohio Supreme Court did not address the substance of these new claims, merely dismissing the motion for leave to appeal sua sponte as raising 'no substantial constitutional question.'
 
 
 6
 Defendant contends that Hudson waived these issues by failing to raise them before the state appellate courts. United States v. Frady, 456 U.S. 152 (1982).
 
 
 7
 At oral argument, Hudson's counsel raised Rodriquez v. United States, 395 U.S. 327 (1969), and Lane v. Brown, 372 U.S. 477 (1963). Both of these cases concern the availability of federal habeas relief for constitutional infirmities affecting the right of direct appeal from a criminal conviction. These cases do not further the arguments made in Hudson's briefs, all of which expressly subordinate any errors on direct appeal to the two post-conviction issues set forth above. For example, Hudson claims that his counsel's assistance was not only ineffective at trial, but on appeal, because the court-appointed attorney failed to raise ineffectiveness at trial as an issue on appeal. Hudson relates this fact to the instant petition by suggesting that he needed counsel for his post-conviction collateral attack to brief this issue that had been neglected on direct appeal.
 
 
 8
 This focus upon claims of error in state post-conviction proceedings is fatal to the petition. In Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986), a habeas petitioner contended that he was deprived of the effective assistance of counsel in a Tennessee state post-conviction proceeding. Noting that one circuit has adopted a contrary view, this court in Kirby reviewed the precedents and their reasoning and chose to follow the majority view, which is that:
 
 
 9
 '?T?he writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.'
 
 
 10
 Id. at 247. The court rested its affirmance of the district court's denial of the petition solely upon this essentially jurisdictional failing in the petition, expressly declining to rest its decision upon either the merits of the petitioner's constitutional claims or the government's exhaustion defense. The same approach is clearly dictated here.
 
 
 11
 We therefore AFFIRM denial of the petition.