898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Manuel K. HELMBRIGHT, Petitioner-Appellant,
v.
D.L. BAKER, Warden, Respondent-Appellee.
 No. 89-3432.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 Manuel K. Helmbright, a pro se Ohio prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Helmbright was indicted on two counts of attempted aggravated murder with a firearm specification on each count. He pleaded guilty to two counts of felonious assault, and was sentenced to two concurrent terms of five to fifteen years imprisonment. Helmbright did not pursue a direct appeal from his conviction, but he later filed a motion for post-conviction relief pursuant to Ohio Rev.Code Sec. 2953.21. The trial court denied the motion, the Ohio Court of Appeals affirmed the judgment and the Ohio Supreme Court denied discretionary review.
 
 
 4
 Thereafter, Helmbright filed the instant habeas petition arguing: 1) the fact-finding process employed by the trial court in denying his motion for post-conviction relief did not afford him a full and fair hearing; 2) his guilty plea was induced by threats on the part of trial counsel; 3) he received ineffective assistance of counsel by counsel's failure to interview potential witnesses; by his failure to conduct any pretrial investigation; and by his failure to inform Helmbright of his rights and defenses; and 4) counsel threatened to destroy evidence; stated that perjured testimony would go uncorrected; and he told Helmbright that he would receive the maximum penalty. Finally, Helmbright claimed that counsel was ineffective for not objecting to the prosecutor's conflict of interest. The district court denied the petition finding that none of the claims asserted warranted habeas relief.
 
 
 5
 Upon review, we affirm the district court's judgment as a review of the plea colloquy indicates that Helmbright's plea was voluntarily entered with a full understanding of the direct consequences of the plea. See Brady v. United States, 397 U.S. 742, 755 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Helmbright was informed of his right to confront and cross-examine witnesses. Helmbright was also advised of his privilege against self-incrimination, and of the maximum penalty involved. Helmbright indicated he was satisfied with counsel's performance; he executed a petition to enter a guilty plea; and he stated that he was making his plea voluntarily with a full understanding of the nature of the charges against him. Thus, the record clearly establishes that the plea was voluntary.
 
 
 6
 Nor do we find any merit to Helmbright's individual claims. First, Helmbright's claim that the state's fact-finding process was inadequate does not warrant relief because a writ of habeas corpus is not the appropriate means in which to challenge deficiencies in the state's post-conviction processes. This is so because such claims raise only collateral matters and do not challenge the underlying conviction giving rise to the prisoner's incarceration. See Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir.1986).
 
 
 7
 Next, Helmbright's claims that trial counsel's misconduct induced his plea are incredible and are refuted by the record. During the plea colloquy, Helmbright stated that counsel met with him each time he requested a conference; that counsel answered all his questions satisfactorily; that counsel did everything he could to defend the case; and that counsel had adequately, competently and effectively represented him. Helmbright also stated that no one promised him anything in return for his plea, and that he was guilty of felonious assault. Based upon the record, we conclude that counsel did not render deficient performance. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Sparks v. Sowders, 852 F.2d 882, 884 (6th Cir.1988). This is particularly true given that counsel succeeded in having the charges reduced to felonious assault.
 
 
 8
 Finally, we find no merit to Helmbright's claim that counsel was ineffective for not objecting to the prosecutor's alleged conflict of interest. Helmbright is not entitled to habeas relief on this claim because he suffered no constitutional deprivation as there was no conflict of interest on the part of defense counsel.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation