989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karl A. BUERGER, Petitioner-Appellant,
v.
Gary MOHR, Respondent-Appellee.
 No. 92-3328.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Karl A. Buerger, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Buerger in November 1980 of rape, and he was sentenced to a seven to twenty-five year term of imprisonment. The Ohio Court of Appeals affirmed the judgment. Thereafter, Buerger filed four separate petitions for post-conviction relief, each raising essentially the same claims. The trial court dismissed the fourth petition on the merits. Buerger appealed this decision to the Ohio Court of Appeals which affirmed the judgment of the trial court. Buerger did not appeal this decision to the Ohio Supreme Court. Buerger next filed four habeas petitions before filing the present petition. Buerger's first and second petitions were dismissed on exhaustion grounds. His third petition was dismissed as successive. Buerger's fourth petition was dismissed on the merits.
 
 
 3
 Buerger asserted four grounds for relief in his current petition for habeas corpus relief. Essentially, he argued that: 1) the federal courts must rule in his case using state and federal guidelines regarding his claims of: a) unspecified constitutional violations which mandate a reversal of his conviction, b) these constitutional issues cannot be ruled res judicata, c) the Ohio Court of Appeals did not comply with Ohio Rev. Code § 2953.21(c) regarding post-conviction relief, d) the Ohio Court of Appeals failed to acknowledge documents offered by Buerger; and e) false evidence was used at his trial; 2) the prosecution knowingly used perjured testimony and suppressed evidence relating to perjury by the state's witness; 3) the prosecution knowingly used false evidence; and 4) the prosecutor and the courts violated his right to due process.
 
 
 4
 The magistrate judge recommended that the petition be dismissed as successive or as an abuse of the writ. Over petitioner's objections, the district court accepted the magistrate judge's report and recommendation and dismissed the petition. Buerger has filed a timely appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because Buerger has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Grounds 1(e), 2, and 3 (as enumerated above) were properly dismissed as successive because Buerger had already litigated these issues in a prior habeas proceeding which had been decided adversely against him on the merits, see Sanders v. United States, 373 U.S. 1, 15 (1963); and, Buerger has not supplemented his petition with a colorable showing of factual innocence that would permit review of the petition in this case. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 7
 Grounds 1(a) and 1(b) were properly dismissed as an abuse of the writ because Buerger did not raise them in his earlier petition, see McClesky, v. Zant, 111 S.Ct. 1454, 1467 (1991); and, Buerger has not shown cause and prejudice to excuse his failure to raise the claims in his earlier petition. Id. Finally, grounds 1(c), 1(d), and 4 of Buerger's petition were properly dismissed as they are not cognizable in federal habeas corpus proceedings. The writ of habeas corpus is not the proper means by which petitioners may challenge errors or deficiencies in state post-conviction proceedings. See Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir.1986).
 
 
 8
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.