**Bruce L. FRANZEN,
Petitioner–Appellant,**

v.

**BRINKMAN, Warden, et al.,
Respondents–Appellees.**

**No. 88–2618.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1989.*

Decided June 8, 1989.

---

Bruce L. Franzen, Indian Springs, Nev., pro se.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. *See Hopkinson v. Shillinger,* 866 F.2d 1185, 1218–20 (10th Cir.1989); *Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir.1987); *Kirby v.*

No appearance for respondents-appellees.

Before BROWNING, HALL and LEAVY, Circuit Judges.

PER CURIAM:

Appellant Franzen filed a petition for a writ of habeas corpus in the court below, claiming the Nevada State District Court's delay of over a year in deciding his petition for state post-conviction relief violated his due process rights. The United States District Court dismissed the habeas corpus petition on the ground that petitioner's assertions of error in the state post-conviction proceeding do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. The district court noted the habeas dismissal would not prejudice Franzen's ability to bring a claim under 42 U.S.C. § 1983.

A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (per curiam). Whether errors in a state post-conviction review proceeding are addressable through federal habeas corpus is an issue of first impression in this circuit. Four circuits have held they are not.[1] Only one circuit has held to the contrary. *Dickerson v. Walsh,* 750 F.2d 150, 153–54 (1st Cir.1984).

We join the majority and affirm the district court's holding that a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.

AFFIRMED.

*Dutton,* 794 F.2d 245, 247–48 (6th Cir.1986); *Mitchell v. Wyrick,* 727 F.2d 773, 774 (8th Cir. 1984) (per curiam); *see also United States ex rel. Curtis v. Illinois,* 521 F.2d 717, 721 (7th Cir.1975) (dicta).