942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony Ray HINES, Petitioner-Appellant,
v.
George SUMNER, Director, Respondent-Appellee.
 No. 90-15729.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1991.*
Decided Aug. 26, 1991.
 
 Before HUG, SCHROEDER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony Ray Hines, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 DISCUSSION
 
 3
 The district court, adopting the recommendations of the federal magistrate, ruled that Hines had failed to exhaust his state remedies as to one issue, and that the other six issues lacked merit. As a general rule, a district court is required to dismiss the entire petition without prejudice even if only one of numerous claims is unexhausted. Rose v. Lundy, 455 U.S. 509, 522 (1982). Because the State did not raise Hines' failure to exhaust as a defense to the petition in the district court, however, we have the discretion to address the merits of the petition. Granberry v. Greer, 481 U.S. 129, 134 (1987). Here, we find that the "interests of comity and federalism," id., will be better served by avoiding further proceedings in state and federal district court, and so we address the merits of Hines' petition.
 
 I.
 
 4
 Hines first asserts that he was deprived due process because of the state's delay in processing his state post-conviction remedies. We will not review this claim, however, because "a petition alleging errors in the state post-conviction review process is not adressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26 (9th Cir.), cert. denied, 110 S.Ct. 574 (1989).
 
 II.
 
 5
 Hines next contends that the trial judge's comments on the credibility of a prosecution witness denied him a fair trial. After Sandra Dawson testified, the trial judge commented to her, in the presence of the jury, that "by telling the truth you do the right thing." TR at 187. Hines argues that the judge's comment took the issue of witness credibility out of the hands of the jury and thus interfered with his constitutional right to a fair trial. When an alleged error relates to a constitutional right, we will reverse the conviction unless the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24 (1967). An error is harmless if there was overwhelming evidence of guilt independent of the alleged error.
 
 
 6
 If we assume without deciding that the judge's comment was error, there was overwhelming evidence, without Ms. Dawson's testimony, to support the jury's verdict. Hines' accomplice, Amanda Conway, gave a detailed account of the circumstances which led up to the killing and, though she did not actually see Hines commit the murder, she testified that she heard shots fired shortly after Hines forced his way into the Quinns' hotel room. Conway also testified that Hines told her that he shot Grace Quinn because she bit him. James Quinn identified Hines at a pretrial lineup and at trial as the man he saw running from his hotel room shortly before discovering his wife had been killed. Mr. Quinn also testified that Hines pointed a gun at him and told him to back off after Mr. Quinn had followed him to the elevator. La Foy Thomas testified that he acquired a handgun from Hines that was later determined to be the murder weapon. We find, therefore, that any error resulting from the judge's improper comment was harmless beyond a reasonable doubt.
 
 III.
 
 7
 Hines' third claim is that there was insufficient evidence to support the jury's guilty verdict on the attempted robbery count. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Two witnesses testified that Hines intended to commit robbery the day of the murder. More importantly, Mr. Quinn testified that his wife always wore her engagement and wedding rings, and that the rings were missing after she was murdered. This is sufficient evidence from which a rational jury could find appellant guilty of robbery beyond a reasonable doubt.
 
 IV.
 
 8
 Hines next raises two arguments concerning the pretrial lineup at which Mr. Quinn identified him as the man he saw leaving the murder scene. First, Hines argues that he was entitled to be represented by counsel at the lineup. In Kirby v. Illinois, 406 U.S. 682 (1972), the Supreme Court held that a defendant's right to have counsel present at a pretrial lineup attaches only if the lineup takes place after the "initiation of adversary judicial criminal procedures--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Id. at 689. Hines argues that documents filed on the day of his arrest entitled "First Appearance and Notice of Arraignment" indicate that the State had decided to prosecute him before the lineup. Whatever the merits of that assertion, the relevant inquiry under Kirby is whether the State had begun adversary judicial proceedings against Hines; the mere arrest and notice of arraignment does not meet that test. See United States v. Pace, 833 F.2d 1307, 1312 (9th Cir.1987), cert. denied, 486 U.S. 1011 (1988) (right to counsel did not attach at time of arrest, but did attach when indictment was handed down). Hines did not have a right to counsel at the lineup.
 
 
 9
 Second, Hines contends that the lineup was conducted in an unconstitutionally suggestive manner. Hines claims that Mr. Quinn initially identified another person in the lineup as the man he saw fleeing from his hotel room, and that Hines was only selected from the lineup after a police officer took Mr. Quinn from the room--where, Hines asserts, Mr. Quinn was instructed to identify him. This claim is pure speculation. Moreover, Mr. Quinn was cross-examined at length on the pretrial identification, thereby permitting the jury to assess any weakness in the procedure. We find no error in the pretrial lineup.
 
 V.
 
 10
 Hines also argues that he was denied the effective assistance of counsel. Having reviewed the alleged deficiencies, we conclude that this claim satisfies neither the professionally deficient nor the prejudice prong of the test established in Strickland v. Washington, 466 U.S. 668 (1983); accordingly, we reject this argument as well.
 
 VI.
 
 11
 The additional arguments raised by Hines do not merit discussion, much less reversal.
 
 CONCLUSION
 
 12
 The district court's judgment denying the petition is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3