24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Brian Morton FREEMAN, Petitioner-Appellant,
v.
Roger CRIST, Respondent-Appellee.
 No. 93-15758.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided May 5, 1994.
 
 1
 Before: SCHROEDER, D.W. NELSON, and CANBY Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 On January 22, 1986, Petitioner, Brian Morton Freeman, was convicted of one count of kidnapping and seven counts of sexual assault and sentenced to 42 years in prison. Freeman appealed his sentence and conviction on nine grounds. The Arizona Court of Appeals affirmed and the Arizona Supreme Court denied review. Subsequently, Freeman tried to obtain state post-conviction relief alleging ineffective assistance of counsel for failure to call material witnesses and a due process violation based on his claim that he had been drugged during his trial. After conducting an evidentiary hearing, the trial court concluded that Freeman's claims lacked merit. Both the Court of Appeals and the Arizona Supreme Court denied Freeman's petition for review.
 
 
 4
 On November 5, 1991, Freeman filed a pro se petition for a writ of habeas corpus in the district court for the District of Arizona in which he raised the ineffective assistance of counsel and due process claims, the two claims presented to the state trial court, a claim of wrongful denial of post-conviction relief, a Miranda claim, alleging that the police officers continued to interrogate him despite his request for counsel, and a claim of excessive sentence. Because Freeman had not raised the two latter claims in state court, the district court found that he was barred from raising them on habeas. The district court further found that Freeman's other two claims lacked merit and that allegations of errors in a state's post-conviction review process are not reviewable in federal court. Consequently, the district court denied relief. Freeman appeals the district court's decision. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We affirm.
 
 DISCUSSION
 
 5
 We review the district court's denial of habeas relief de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 6
 Although a federal court will not consider a state prisoner's unexhausted claims, McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986), a federal court should dismiss without prejudice a habeas petition that raises both exhausted and unexhausted claims to give the petitioner the opportunity to exhaust his or her state remedies. Rose v. Lundy, 455 U.S. 509, 520 (1982). However, where, as here, the unexhausted claims are without merit and the state does not insist on full exhaustion, a federal court may proceed to deny the entire petition. Granberry v. Greer, 481 U.S. 129, 135 (1987). We do so here.
 
 
 7
 Alternatively, we hold that the district court properly could have dismissed Freeman's claims of a Miranda violation and of excessive sentence on the ground that he procedurally defaulted on these claims. Under Arizona law, Freeman's failure to raise these claims on direct appeal precluded him from raising them in state collateral proceedings. Ariz.R.Crim.P. 32.2; State v. Carriger, 892 P.2d 991, 995 (Ariz.1984). Therefore, the district court properly could have concluded that, because Freeman has made no showing of cause and prejudice, his defaulted claims may not be raised in federal court. Teague v. Lane, 489 U.S. 288, 296-97 (1989); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907-08 (9th Cir.1986).
 
 
 8
 We therefore affirm the district court's dismissal of these claims and proceed to address the merits of Freeman's other claims.
 
 I. Ineffective Assistance of Counsel
 
 9
 Freeman argues that two decisions of his attorney constituted ineffective assistance of counsel: (1) the failure to call two witnesses, and (2) the failure to allege that the woman who Freeman was found to have raped and kidnapped had gone to see him to obtain cocaine. The district court ruled that the state court's denial of relief was proper.
 
 
 10
 Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. United States v. Layton, 855 F.2d 1388, 1416 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989).
 
 
 11
 To prevail on an ineffective assistance of counsel claim, Freeman must show that: (1) his attorney's performance was unreasonable under prevailing professional standards, Strickland v. Washington, 466 U.S. 668, 687-91 (1988); and (2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different," id. at 694. Strickland defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." Id.
 
 
 12
 During the evidentiary hearing conducted by the state court, the trial judge received the testimony of the two witnesses who Freeman contends should have testified at trial. Based on this testimony, the state trial court ruled that Freeman's attorney's decision not to call these witnesses was a reasonable strategic decision and, thus, did not constitute ineffective assistance of counsel. The court further ruled that Freeman could not show he had been prejudiced by the attorney's decision since the witnesses' testimony did not contradict the victim's version of the facts. Because we agree with the district court's conclusion that the record supports the state court's ruling, we affirm the dismissal of Freeman's first ineffective assistance of counsel claim.
 
 
 13
 We also agree with the district court's dismissal of Freeman's second claim of ineffective assistance of counsel. Freeman contends that his attorney's failure to introduce evidence that he and the victim used cocaine on the day of the offense constituted ineffective assistance of counsel. Freeman's claim is without merit. First, his allegation that the victim took cocaine on the day of the offense is wholly unsupported by the record. Second, as the state court noted, the victim's alleged use of cocaine did not constitute probative evidence of Freeman's claim that she consented to sexual intercourse. Consequently, Freeman cannot satisfy the prejudice prong of the Strickland test. See Strickland, 466 U.S. at 694.
 
 
 14
 Accordingly, we affirm the district court's dismissal of Freeman's two claims of ineffective assistance of counsel.
 
 II. Administration of Drugs During Trial
 
 15
 Freeman contends that, because he was over-medicated during his trial, he was not able to assist in his defense and therefore that his due process right to a fair trial was violated. The district court dismissed Freeman's claim on the grounds that (1) Freeman had taken the drugs voluntarily; (2) there was no evidence in the record that he appeared incapable of assisting in his defense; (3) he did not raise the issue for several weeks after the trial; and (4) there was no evidence in the record that the dosage or combination of drugs Freeman received during trial would have a significantly adverse effect on his ability to understand and participate in the trial.
 
 
 16
 Based on the record before us, we agree with the district court's conclusion. Accordingly, we affirm the dismissal of Freeman's due process claim.
 
 
 17
 III. Wrongful Denial of Post-Conviction Relief
 
 
 18
 Freeman's claim that the state court's post conviction review process resulted in a wrongful denial of relief "is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). We therefore affirm the district court's dismissal of this claim.
 
 CONCLUSION
 
 19
 We hold that Freeman's claims of ineffective assistance of counsel and lack of due process lack merit. We cannot review Freeman's claim of wrongful denial of post-conviction relief and we dismiss his unexhausted claims. Accordingly we affirm the district court's denial of relief.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3