64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Paul BARR, Petitioner-Appellant,
v.
John RATELLE, Warden, Respondent-Appellee.
 No. 93-55291.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1995.
Decided Aug. 15, 1995.
 
 Before: CHOY, POOLE and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry Paul Barr appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 
 3
 During Barr's cross examination, the prosecutor attempted to impeach Barr's credibility by eliciting testimony about his numerous prior convictions. The questioning indicated that in addition to Barr's prior felony convictions, there were several additional charges that had been dismissed pursuant to a plea bargain. Barr argues that this admission of evidence of prior bad acts not resulting in conviction deprived him of due process.
 
 
 4
 We reject the argument. Even if the trial court incorrectly applied California's Proposition 8, that would not be an error warranting federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Such an error would abridge Barr's due process rights and lead to relief only if "admission of the testimony was arbitrary or fundamentally unfair." Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting Colley v. Sumner, 784 F.2d 984, 990 (9th Cir. 1991)). It was not. Barr did not object or request an admonition, so the judge had no occasion at the time to make a decision which might be challenged as arbitrary. The prosecutor did not dwell on the prior bad acts which were not the subject of conviction. There was no occasion for the judge to step in and call a halt. The judge did instruct the jury that the priors could be considered only for impeachment. This instruction, together with the overwhelming evidence of guilt, prevents any inference of unfairness.
 
 
 5
 We have no doubt at all that the jury convicted Barr because it was satisfied beyond a reasonable doubt that he committed the robberies charged in this case, not because it was prejudiced against him because of his prior bad acts. The baseball caps, wigs and theatrical makeup in the van, among numerous other items of evidence, made the case overwhelming. Barr's defense theory amounts to little more than a claim that because he disguised himself when he robbed the bars, the victims could not be sure he was the robber. But the police found the disguise materials in the van, and they were introduced against Barr at trial. The disguise materials, among other items of evidence, obviated any identification problem.
 
 
 6
 Barr also argues that the trial court order requiring his attorney to show the prosecutor notes of witness interviews violated his federal constitutional rights. It did not, because the judge applied California Penal Code Sec. 1102.5(a) to protect against disclosure of Barr's attorney's mental impressions and protect against pretrial disclosure of defense strategy. The disclosure requirement was constitutionally permissible under United States v. Nobles, 422 U.S. 225 (1975).
 
 
 7
 Barr's remaining arguments are insubstantial but numerous. We have reviewed and reject all of them, but will mention only some.
 
 
 8
 Barr argues against application of Nobles, based on the state appellate court decision in his case. The state court decision rested on an interpretation of state law found in In re Misener, 698 P.2d 637 (1985), where the statute at issue was found to violate the state constitution. Misener later was abrogated by the California Supreme Court, see Izazaga v. Superior Court, 815 P.2d 304 (1991), and its interpretation of state law does not in any event create a federal claim cognizable on habeas review.
 
 
 9
 Barr claims his due process rights were violated because the state court of appeals misstated facts in its decision. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989).
 
 
 10
 Barr argues that his appellate counsel was ineffective because his attorney erred in failing to raise or adequately pursue all of the errors Barr identifies. There can be no writ issued because of ineffective assistance of counsel, where counsel did not make an error which prejudiced his client's case. Strickland v. Washington, 466 U.S. 668, 686 (1984). Because there was no error made sufficient to prejudice the case, there was no ineffective assistance in failing to pursue those claims of error.
 
 
 11
 Barr argues that his trial counsel was ineffective for a number of reasons, and focuses particularly on counsel's failure to move for suppression of the evidence in the van on the basis of defects in the search warrant. Such a motion would have been futile. The police did not need a search warrant to search the van. There was sufficient probable cause to arrest Barr, so the van he was driving when arrested could have been legally searched even without a warrant, New York v. Belton, 453 U.S. 454, 460 (1981); Mozzetti v. Superior Court, 4 Cal. 3d 699, 706 (1971), and defects in the affidavits used to secure the search warrant do not affect whether the evidence found in the van would have had to be suppressed. Where a motion to suppress would have lacked merit, it cannot be ineffective assistance of counsel not to make the motion. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).
 
 
 12
 Error relating to retroactivity of California Proposition 8 cannot give rise to an entitlement to the writ, because it was state error, not federal constitutional error. Toomey v. Bunnell, 898 F.2d 741, 745 (9th Cir. 1990). Estelle v. McGuire, 502 U.S. at 67-68.
 
 
 13
 Exclusion of Sherry McManus's testimony, regardless of whether it was error, would not rise to the level of federal constitutional error. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir. 1990). Its probative value was slight. Even if the jury believed Ms. McManus, all it would know was that on a date long enough after some robberies and long enough before others for Barr to grow, shave off, and regrow a mustache, he had a mustache. Her testimony would have been merely cumulative, as well, on the point of whether Barr had a mustache, because he put on additional evidence that he had worn a mustache.
 
 
 14
 Barr had no constitutional right to have the court pay an expert witness to testify about the general unreliability of eyewitness identifications. Jackson v. Ylst, 921 F.2d 882, 886 (9th Cir. 1990).
 
 
 15
 Barr's numerous claims of prosecutorial misconduct are unsupported by evidence in the record. If in some respects the prosecutor went too far, the conduct "considered in the context of the entire trial, ... [does not] appear likely to have affected the jury's discharge of its duty to judge the evidence fairly." United States v. Simtob, 901 F.2d 799, 806 (9th Cir. 1990). Nor is there any evidence in the record to show prejudice from Barr's inability to examine the rough notes of Officer Byrd's interview of him. Barr received the typed copy of the interview report. Barr testified, and was free to testify about whatever else he claimed might have been said or not said in the interview. Nor does Barr demonstrate how any error would have been other than harmless, or would have amounted to constitutional error. The sentencing errors Barr claims would be state law errors, not federal constitutional errors, so they cannot be the basis for a writ. Estelle, 502 U.S. at 67-68. If Barr means to assert ineffective assistance of counsel in regard to these supposed errors, we can find none such that failure to discover and litigate them would fall below the Strickland standard.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3