**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BARRETTE LUKE ENNO,<br><br>     Petitioner - Appellant,<br><br> v.<br><br>RANDY BLADES; et al.,<br><br>     Respondents - Appellees. | No. 07-35192<br><br>D.C. No. CV-04-00596-BLW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted July 6, 2009
Portland, Oregon

Before: PREGERSON, RYMER, and TASHIMA, Circuit Judges.

 Barrette Luke Enno appeals dismissal of his 28 U.S.C. § 2254 petition. We certified three issues, and conclude that a Certificate of Appealability (COA) was improvidently granted as to one and that the others fail. Accordingly, we affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

I

Enno withdrew Claim Two, which concerned "death qualifying" guilt-phase jurors, in district court, and sought no COA as to it. In these circumstances we believe our COA should not have issued and we vacate it. *See Phelps v. Alameda*, 366 F.3d 722, 728 (9th Cir. 2004). In any event, Enno would not be entitled to relief even were the issue preserved. The Idaho Supreme Court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented. *See Buchanan v. Kentucky*, 483 U.S. 402, 414-20 (1987); *Lockhart v. McCree*, 476 U.S. 162, 165, 173-78, 183-84 (1986); *Wainwright v. Witt*, 469 U.S. 412, 419-25 (1985).

II

Enno lumps together the two parts of his ineffective assistance of counsel claim – one having to do with whether his due process rights were offended by the state court's rejection of a post-conviction stipulation, and the other with whether trial counsel failed to advise him of a possible plea agreement. The former is not exhausted, 28 U.S.C. § 2254(b)(1)(A), as Enno's post-conviction petitions relied entirely on state law and did not apprise the Idaho courts that he was making a

claim under the United States Constitution. *See Baldwin v. Reese*, 541 U.S. 27, 29-34 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Zichko v. Idaho*, 247 F.3d 1015, 1020-22 (9th Cir. 2001). In any event, a civil court is not required to accept a stipulation, let alone one of ambiguous import. Neither *Old Chief v. United States*, 519 U.S. 172 (1997), nor *Greenlaw v. United States*, --- U.S. ----, 128 S. Ct. 2559 (2008), upon which Enno relies, articulates any such rule.

So far as communication of a plea offer is concerned, Enno has not shown that the state post-conviction court's findings of fact, made after three evidentiary hearings and upheld as not clearly erroneous by the Idaho Court of Appeals, were unreasonable in light of the evidence presented. The court could reasonably credit counsel's testimony more than Enno's given Enno's memory difficulties and documentary support for counsel's position. In light of these findings, the decision that counsel was not ineffective is not clearly contrary to *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

AFFIRMED.

*Enno v. Blades*, No. 07-35192

TASHIMA, Circuit Judge, concurring in the judgment:

I concur in the judgment affirming the dismissal of Enno's habeas petition by the district court, and I concur in most of the reasoning of the majority. I write separately briefly to express my differing analysis on only two points.

First, in Part I, I would not vacate our COA as improvidently issued, but would reach the merits, as to which I agree with the majority's alternative analysis in Part I. Although it is true that Enno attempted to withdraw his "death qualified jury" claims, the district court held that "because Petitioner is unrepresented, the Court shall review the propriety of dismissal of these claims." It then reviewed those claims and denied them on the merits. Because the district court reached the merits, we should do the same without questioning the propriety of issuing a COA on this issue. Moreover, it seems inconsistent to hold as to this claim that Enno waived it, *i.e.*, that the district court was required to accept the withdrawal of the claim even though the district court expressly declined to accept that waiver, and then to hold in Part II that the state trial court was not required to accept the parties' stipulation. If a trial court is required to accept a *pro se* party's waiver, why isn't it also required to accept the parties' stipulation?

Second, as for the disposition in Part II, I would neither apply the exhaustion doctrine to Enno's claim based on the state court's rejection of a stipulation in his

post-conviction proceeding nor reach the merits of that claim. A § 2254 petition can reach only the validity, under the Constitution or federal law, of a state prisoner's detention, *i.e.*, his conviction or sentence. It is not the proper vehicle for reviewing the adequacy of process in a state post-conviction proceeding, which is what Enno attempts to do by this claim. Whatever his remedy may be for asserted errors of constitutional dimension in his state post-conviction proceeding, it is not under § 2254. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). I would, therefore, affirm the denial of relief for the rejection-of-stipulation claim because that claim was not properly brought under § 2254.

With these reservations, I concur in the judgment.