TASHIMA, Circuit Judge,
concurring in the judgment:
I concur in the judgment affirming the dismissal of Enno’s habeas petition by the district court, and I concur in most of the reasoning of the majority. I write separately briefly to express my differing analysis on only two points.
First, in Part I, I would not vacate our COA as improvidently issued, but would reach the merits, as to which I agree with the majority’s alternative analysis in Part I. Although it is true that Enno attempted to withdraw his “death qualified jury” claims, the district court held that “because Petitioner is unrepresented, the Court shall review the propriety of dismissal of these claims.” It then reviewed those claims and denied them on the merits. Because the district court reached the merits, we should do the same without questioning the propriety of issuing a COA on this issue. Moreover, it seems inconsistent to hold as to this claim that Enno waived it, i.e., that the district court was required to accept the withdrawal of the claim even though the district court expressly declined to accept that waiver, and then to hold in Part II that the state trial court was not required to accept the parties’ stipulation. If a trial court is required to accept a pro se party’s waiver, why isn’t it also required to accept the parties’ stipulation?
Second, as for the disposition in Part II, I would neither apply the exhaustion doctrine to Enno’s claim based on the state court’s rejection of a stipulation in his post-conviction proceeding nor reach the merits of that claim. A § 2254 petition can reach only the validity, under the Constitution or federal law, of a state prisoner’s detention, ie., his conviction or sentence. It is not the proper vehicle for reviewing the adequacy of process in a state post-conviction proceeding, which is what Enno attempts to do by this claim. Whatever his remedy may be for asserted errors of constitutional dimension in his state post-conviction proceeding, it is not under § 2254. See Franzen v. Brinkman, 877 F.2d 26 (9th Cir.1989) (per curiam) (holding that “a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings”). I would, therefore, affirm the denial of relief for the rejeetion-of-stipulation claim because that claim was not properly brought under § 2254.
With these reservations, I concur in the judgment.