[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12950

Non-Argument Calendar

_____

CARLTON SMITH,

Plaintiff-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF GEORGIA,
JOHN TURNER,
Superior Court Judge, Bullock County,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:22-cv-01233-CAP

———————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Carlton Smith, a state prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of his civil suit against the defendants because it amounted to an unauthorized successive habeas petition under 28 U.S.C. § 2254 and, to the extent it was a proper civil rights suit under 42 U.S.C. § 1983, it was untimely.[1] Smith argues that his claim is distinguishable from a habeas petition because he seeks "injunctive relief for a procedural due process violation of a state-created right by state actors" in the state postconviction process, and he is not challenging the legality of his conviction or sentence. Additionally, he asserts that his claims were timely. After review, we vacate and remand for further proceedings.

## I.    Background

On March 15, 2022, Smith, proceeding *pro se*, filed the underlying § 1983 complaint in the Northern District of Georgia against Georgia's Attorney General Christopher Carr and Superior Court Judge John Turner, alleging that they violated his due process rights during a May 2019 hearing in his state postconviction

———————————

[1] Smith has filed a "motion to submit appeal" requesting that his appeal be submitted to the court for a decision. We DENY this motion as moot.

proceedings.[2]  Specifically, he alleged that Attorney General Carr failed to respond adequately to his petition and "failed to produce and submit the trial transcripts" that would have supported Smith's claims.  Likewise, Smith alleged that Judge Turner "failed to require the production and submission of the trial transcripts as required by statute" and violated various other unspecified statutory provisions in denying Smith relief.  As relief, Smith requested that the defendants "be held liable for these procedural due process violations" and that "the 'liberty' or 'property' interests protections given by created state law rules be restored."

Prior to any appearance by the defendants, a magistrate judge issued a report and recommendation ("R&R"), recommending that the complaint be dismissed *sua sponte* for two reasons.  First, the magistrate judge determined that Smith's § 1983 complaint was "the functional equivalent of a habeas petition" over which it lacked jurisdiction because Smith had already completed his federal habeas proceedings under 28 U.S.C. § 2254, and he had not requested leave to file a second or successive petition.  Second, even if Smith's claims were proper under § 1983, they were time-barred because they were filed outside the applicable two-year statute of limitations period.

Smith objected to the R&R, arguing that he was not bringing a habeas claim.  Instead, he asserted that his claim was for

---

[2] Smith is serving a life sentence plus 20 years' imprisonment following his 1993 convictions for kidnapping, robbery, and aggravated sodomy.

a procedural due process violation, which is proper under § 1983. He also maintained that his claims were timely because, although the violation occurred in May 2019, the state court's habeas decision was not final until June 2020. He also noted that he filed a writ of mandamus in state court seeking a remedy for this violation, which was denied on January 27, 2022, and his § 1983 claim did not arise until the state court declined to provide a sufficient remedy.

The district court conducted a *de novo* review and adopted the R&R over Smith's objections.[3] Smith timely appealed.

## II.    Discussion

Smith argues that the district court erred in concluding that his complaint was an improper second or successive federal habeas petition or an otherwise untimely § 1983 action.

The district court is required to screen any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any

---

[3] In adopting the R&R the district court addressed the magistrate's judge's determination that the complaint was in essence a second or successive habeas petition, but it did not address the determination that the claims were otherwise untimely under § 1983. However, we read the district court's statement that it adopted the R&R "as the order and opinion of th[e] court," as implicitly adopting the magistrate judge's alternative determination that the claims were also untimely because they were filed more than two years after the hearing during which the alleged due process violation occurred.

portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." *Id.* § 1915A(b). In conducting this review, the court must accept the allegations in the complaint as true and "construe them in the light most favorable to [the plaintiff]." *Danglar v. Dep't of Corr.*, 50 F.4th 54, 55 n.1 (11th Cir. 2022).

We review *de novo* whether a petition is an unauthorized second or successive habeas petition. *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (*en banc*). Likewise, we review *de novo* a district court's determination that a complaint would be time-barred. *Leal v. Ga. Dep't Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (reviewing *de novo* a *sua sponte* dismissal of a § 1983 action for failure to state a claim based on a determination that the claim was time-barred).

We begin with the district court's determination that Smith's complaint effectively constituted an unauthorized second or successive federal habeas petition under § 2254. Federal courts have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether a filing is cognizable under a different statutory framework. *See Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002); *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). If a civil rights action requests relief that would "necessarily imply the invalidity of his conviction or sentence," it must be brought in a habeas proceeding. *Nance v. Ward*, 142 S. Ct. 2214, 2222 (2022) (quotations omitted); *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011); *see also Medberry*

v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) ("[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus.").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a petitioner may file a second or successive habeas petition, the petitioner first must obtain an order from this Court authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Here, it is clear that Smith's complaint concerned alleged defects in his state postconviction proceedings that purportedly violated his procedural due process rights. We have repeatedly held that "an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir. 2004); see also Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325 (11th Cir. 2010); Carrol v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009). Rather, "[f]ederal habeas relief is available to remedy defects in a defendant's conviction and sentence," and "[a] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—i.e., the conviction itself." Alston, 610 F.3d at 1325–26 (quotations omitted).

Smith did not challenge the validity of his conviction or sentence in the underlying complaint. Nor did he seek immediate or speedier release or seek relief that would "necessarily imply the

invalidity of his conviction or sentence." *Nance*, 142 S. Ct. at 2222. Rather, he essentially sought a properly conducted state postconviction proceeding. Accordingly, because the gravamen of Smith's claims did not fall within the ambit of 28 U.S.C. § 2254, the district court erred in holding that Smith's § 1983 complaint was an unauthorized second or successive § 2254 petition.

We now turn to the district court's determination that the complaint was untimely under § 1983. "Section 1983 broadly authorizes suit against state officials for the deprivation of any rights secured by the Constitution." *Nance*, 142 S.Ct. at 2221. There is no federal constitutional right to a direct appeal or to postconviction review by the states, but once such a remedy is granted, its operation must conform to the due process requirements of the Fourteenth Amendment.[4] *See Evitts v. Lucy*, 469 U.S. 387, 400–02 (1985).

A procedural due process violation by a state "may form the basis for a suit under [§] 1983." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). Thus, § 1983 is generally the proper vehicle for state prisoners to challenge alleged constitutional errors in state proceedings where the relief sought does not "necessarily imply the invalidity of his conviction or sentence." *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 529 (2011) (holding § 1983 was proper vehicle

---

[4] The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

for postconviction claim for access to DNA evidence); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that § 1983 was proper vehicle to bring constitutional challenge to state's parole hearings and procedures); *see also Harris v. Champion*, 15 F.3d 1538, 1566 (10th Cir. 1994) (explaining that "a petitioner for whom habeas relief is not available may seek redress from the responsible parties for any due process violation caused by state appellate delay through a claim for damages under 42 U.S.C. § 1983"); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (dismissing habeas petition alleging that errors in state postconviction proceeding violated due process rights, but noting that "dismissal would not prejudice [defendant's] ability to bring a claim under 42 U.S.C. § 1983").

All constitutional claims brought under § 1983, however, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action was brought. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Georgia, the applicable statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33; *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). However, "a procedural due process violation is not complete unless and until the State fails to provide due process." *McKinney*, 20 F.3d at 1557 (quotations omitted). "In other words, the [S]tate may cure a procedural deprivation by providing a later procedural remedy; only when the [S]tate refuses to provide a process sufficient to remedy the procedural

deprivation does a constitutional violation actionable under [§] 1983 arise." *Id.*

Here, the magistrate judge concluded that Smith's complaint was untimely because Smith alleged that his due process rights were violated during an evidentiary hearing in May 2019, and Smith did not file the underlying complaint until March 2022, more than two years later. But in his objections to the R&R, Smith alleged that the two-year statute of limitations period did not begin to run until, at the earliest, the date on which the Georgia Supreme Court denied Smith a certificate of probable cause in June 2020[5] because, under *McKinney*, 20 F.3d at 1557, an actionable procedural due process claim does not arise under § 1983 until "the [S]tate refuses to provide a process sufficient to remedy the procedural deprivation." In its order addressing Smith's objections to the R&R, the district court did not address Smith's contention. Instead, the district court focused exclusively on the determination that the complaint constituted an unauthorized second or successive habeas petition. In light of Smith's allegations—which we must take as true at this stage—we vacate the district court's

---

[5] Smith also asserts that the statute of limitations did not begin to run until the state court denied his petition for a writ of mandamus in which he sought to remedy the alleged due process violations.

dismissal and remand for reconsideration of whether the § 1983 claims are timely in light of *McKinney*.[6]

**VACATED AND REMANDED.**

---

[6] We express no opinion on the merits of Smith's claims. Furthermore, the district court is free on remand to consider other issues aside from timeliness of the claims, including whether other grounds exist that warrant dismissal of the complaint.